UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARKEL AMERICAN INSURANCE COMPANY
A/S/O 244 HOWARD AVENUE, LLC,

                        Plaintiff,                        **OPINION AND ORDER**

      v.                                                21-cv-6998
                                                          (Marutollo, M.J.)

MR. DEMOLITION, INC., LIME HOME
IMPROVEMENT, INC., JS TOWER
CONSTRUCTION CORP., JIH BUILDERS
GROUP, LLC, Y&Z DEVELOPERS, INC., MT
GROUP, LLC, and SAFETY SOLUTIONS NY,
INC.,

                        Defendants.
------------------------------------------------------------------X

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

        Plaintiff Markel American Insurance Company, as subrogee of 244 Howard Avenue LLC, brings this action against multiple defendants, including MT Group, LLC ("MT") for "damages caused by a January 9, 2019 collapse [] that occurred [at] Plaintiff's insured, 244 Howard Avenue Associates[,] located at 244 to 246 Howard Avenue" in Brooklyn, New York. Dkt. No. 42. MT has moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 41, at 7.

        For the reasons set forth below, MT's motion to dismiss is denied, but the Court will permit discovery solely related to whether Plaintiff is entitled to equitable tolling with respect to its claims against MT, and will allow for an expedited summary judgment briefing thereafter.

**I.    Background**

        Plaintiff filed the Complaint in this action on December 20, 2021. *See* Dkt. No. 1. During a September 14, 2022 conference in this action and a parallel coverage action brought by 244 Howard Avenue LLC against Plaintiff (*244 Howard Avenue, LLC v. Markel American Insurance*

*Company*, 21-CV-04480 (ENV) (RER) (E.D.N.Y.), counsel for Defendant JIH Builders Group, LLC ("JIH") noted that MT was a "potential defendant" that JIH "believed should have been named in the subrogation action." *See* FTR 3:40-5:02. In fact, JIH noted that it had filed "summonses with notices" in state court against MT. *See id.* Counsel for JIH argued that it would be "appropriate" for Plaintiff in the instant action to name MT as a defendant "given the pandemic toll" under New York law. *See id.* Counsel for Plaintiff argued that MT should be added to the instant case and requested a deadline to amend the Complaint to name MT as a defendant. *See* FTR 6:48-7:07. Counsel for JIH did not object to amending the Complaint to name MT as a defendant. *See* FTR 8:15-8:41. The Court ordered Plaintiff to amend the Complaint by September 30, 2022 to add, *inter alia*, MT as a defendant. *See* Minute Entry dated September 14, 2022.

On September 28, 2022, Plaintiff filed the Amended Complaint where, *inter alia*, Plaintiff named MT as a defendant and raised two claims against MT: negligence and breach of contact. *See* Dkt. No. 27 ¶¶ 103-121.

As set forth in the Amended Complaint, "[p]rior to January 9, 2019, MT was retained as a subcontractor [] involved in the renovation of the property located at 244-246 Howard Avenue in Brooklyn, New York (hereinafter 'the Project')." *Id.* ¶¶ 21, 30. Per Plaintiff, MT was retained "on the Project to provide assurance services for all phases of building construction, including but not limited to testing and inspecting asphalt, concrete, fireproofing, fire stopping, reinforcing steel, roofing, soil backfill, structural steel and sub-surface soil at [244-246 Howard Avenue, Brooklyn, New York 11233 ("the Property")]." *Id.* ¶ 30.

Plaintiff alleges that MT "owed a duty to [244 Howard Avenue LLC ("Plaintiff's Insured")] to exercise reasonable care in performing construction work and assurance services on the Project, including but not limited to, testing and inspecting asphalt, concrete, fireproofing, fire

2

stopping, reinforcing steel, roofing, soil backfill, structural steel, steel framing systems and sub-surface soil at the Property in a good and workmanlike manner that did not create a risk of damage to the Property and in accordance with all local, state and federal laws, rules, regulations and codes, industry standards and codes, as well as in accordance with all relevant plans and specifications. 105." *Id.* ¶ 104. Per Plaintiff, "MT also owed a duty to Plaintiff's Insured to warn that the shoddy and/or improper construction work at the Property could cause a collapse at the Property." *Id.* ¶ 105.

Plaintiff alleges that the collapse at the Property "that occurred on January 9, 2019 and resulting damages were caused by the negligence, carelessness, negligent acts and/or omissions of MT, either acting independently and/or by and through its agents, servants, workmen, employees and/or subcontractors acting within the scope of their employment, both generally and specifically as follows by:

    a.    Failing to perform construction work, inspection and assurance services at the Property, including but not limited to, the installation of steel framing systems, in a careful and workmanlike manner;

    b.    Utilizing employees, workmen and/or subcontractors which MT knew, or in the exercise of reasonable care should have known, were not properly trained for the construction, assurance, inspection and steel framing work to be performed at the Property;

    c.    Failing to exercise reasonable care in the supervision, assurance and/or inspection of the construction work performed at the Property, including but not limited to, the installation of steel framing systems performed by its employees, agents, servants, workmen and/or subcontractors;

    d.    Violating and/or failing to comply with recognized industry-wide standards and/or trade practices pertaining to MT's construction, assurance, inspection and steel framing work at the Property;

    e.    Failing to ensure that its employees, agents, servants, workmen and/or subcontractors complied with all relevant industry-wide standards and/or trade practices;

f. Failing to properly advise, instruct and/or train their employees, agents and/or servants;

g. Failing to perform its work so as not to create a foreseeable risk of harm to persons or property;

h. Permitting a defective and dangerous condition to exist that created an unreasonable risk of harm to the Property, of which MT knew or in the exercise of reasonable care, should have known;

i. Failing to comply with all relevant building codes;

j. Failing to comply with all local, state and federal laws, rules, regulations, codes and other requirements regarding MT's construction, assurance, inspection and steel framing work at the Property;

k. Failing to exercise reasonable care in the inspection and assurance of installation of the steel framing systems at the Property;

l. Failing to obey the rights and safety of others in the area where MT allowed the Collapse to occur;

m. Improperly, negligently, carelessly and/or recklessly performing construction work at the Property, including but not limited to, construction, assurance, inspection and steel framing work at the Property;

n. Improperly, negligently, carelessly and/or recklessly providing construction, assurance, inspection and steel framing work at the Property;

o. Failing to inspect the steel framing systems that was installed at the Property;

p. Failing to reasonably anticipate that negligently, carelessly and/or recklessly performing construction work, inspection, assurance services at the Property and installing the steel framing systems at the Property could cause a collapse;

q. Failing to take the necessary precautions to guard against damage or a collapse caused by negligently, carelessly and/or recklessly installing the steel framing systems at the Property;

r. Failing to comply with all plans and specifications regarding the installation of the steel framing systems to be performed at the Property;

s. Failing to act reasonably under all of the circumstances; and

4

> t. Such other acts or omissions that will be revealed during discovery.

*Id.* ¶ 106. Plaintiff alleges that the collapse at the Property and resultant damages were the direct, proximate, and foreseeable result of MT's careless and negligent conduct, acts, and/or omissions as set forth above. *See id.* ¶ 107.

On August 3, 2023, MT filed its fully-briefed motion to dismiss. Dkt. Nos. 41-43. MT argues that Plaintiff's breach of contract and negligence claims are time barred pursuant to a provision in a contract between MT and Plaintiff's Insured, to wit:

> NO ACTION OR CLAIM, WHETHER IN *TORT, CONTRACT*, OR OTHERWISE, MAY BE BROUGHT AGAINST [MT] ARISING FROM OR RELATED TO [MT'S] WORK MORE THAN *TWO YEARS* AFTER THE CESSATION OF [MT'S] WORK HEREUNDER, REGARDLESS OF THE DATE OF DISCOVERY OF SUCH CLAIM.

Dkt. No. 41-3, at 8 (emphasis added); *see* Dkt. No. 41-11, at 6-7. According to MT, "[t]he contract's terms and conditions include this very specific and detailed limitation on the period of time in which an action can be commenced against [MT] to two years from cessation of services." Dkt. No. 41-11, at 6-7. "Using the two-year reduced statute of limitations period, the last date on which [P]laintiff was entitled to bring an action or claim against [MT] was January 9, 2021. Plaintiff [] was 683 days past the deadline in bringing this action against [MT] when it filed the amended complaint on November 23, 2022." *Id.* at 7.

Plaintiff opposes the motion and argues that a factual dispute exists regarding when MT ceased its work on the subject property. Dkt. No. 42, at 7-9. Although not pled in the Amended Complaint, Plaintiff argues that MT did not cease work on the property until October 28, 2019. *Id.* at 5. Plaintiff further argues that the statute of limitations was tolled by Governor Cuomo's COVID-19 executive orders (9 N.Y.C.R.R. 202.8), which went into effect on March 20, 2020 and applied until November 3, 2020. *Id.* at 10-11. Plaintiff also argues that the two-year contractual limitations period does not apply to its negligence claim because MT owed Plaintiff's Insured a

5

duty of care separate and apart from its contractual obligations, and in any event, the shortened limitations period cannot act to bar gross negligence claims. *Id.* at 12.

In reply, MT argues that even if the Court were to use the October 28, 2019 date as the accrual date and factored in the 228-day period in which the statute of limitations was purportedly tolled, Plaintiff's claims were still untimely. *See* Dkt. No. 43.

A status conference was held on February 14, 2024. *See* Minute Entry dated February 14, 2024. During the conference, Plaintiff reiterated its position that its claims against MT did not begin to accrue until October 28, 2019. When asked why Plaintiff did not name MT as a defendant in the original complaint, Plaintiff's counsel stated that Plaintiff was not aware of MT's involvement in the loss until Plaintiff's Insured added MT as a defendant in the state court action commenced by Plaintiff's Insured (*see* 244 Howard Avenue, LLC v. MT Group, LLC, 500590/2022, Kings County Supreme Court ("State Court Action")), which counsel said occurred shortly before Plaintiff sought leave to amend in this case. MT reiterated its position that even if the Court were to apply the October 28, 2019 accrual date, Plaintiff's claims would still be time barred because the Amended Complaint was not filed until September 28, 2022.

## II.   **Legal Standards**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of [p]laintiff'[s] claims for relief." *Amadei v. Nielsen*, 348 F. Supp. 3d 145, 155 (E.D.N.Y. 2018). Although all allegations

6

contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Nguyen v. FXCM Inc.*, 364 F. Supp. 3d 227, 239 (S.D.N.Y. 2019) ("The Court need not accept as true, 'legal conclusions, deductions, or opinions couched as factual allegations.' ") (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)).  When deciding a Rule 12(b)(6) motion, "a court may consider only the "facts stated on the face of the complaint, . . . documents appended to [it] or incorporated in [it] by reference, and . . . matters of which judicial notice may be taken." *Doheny v. International Business Machines, Corp.* No. 23-CV-3962 (RA), 2024 WL 382142, at *4 (S.D.N.Y. Feb. 1, 2024) (citing *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)).

"A statute of limitations affirmative defense normally cannot be decided on a motion to dismiss." *Kelly v. Commc'ns Workers of Am.*, AFL-CIO, No. 22-CV-10923 (GHW) (SDA), 2023 WL 5105482, at *2 (S.D.N.Y. July 25, 2023), *report and recommendation adopted sub nom.*, 2023 WL 5108756 (S.D.N.Y. Aug. 9, 2023) (citations omitted).  However, "[w]here the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see also McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004) ("[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."). "Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted rather than a Rule 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter." *Ghartey*, 869 F.2d at 162.  Indeed, as "Rule 12(b) of the Federal Rules of Civil Procedure does not enumerate failure to comply with the statute of limitations as a ground for dismissal," such motions are typically brought pursuant to Rule

7

12(b)(6). *Adams v. Crystal City Marriott Hotel*, No. 02 CIV.10258 PKL, 2004 WL 744489, at *2 (S.D.N.Y. Apr. 6, 2004) ("A motion to dismiss on this ground generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), as opposed to a Rule 12(b)(1) motion.").

### III.    MT's Motion to Dismiss

#### A.    Statute of Limitations

Under New York law,[1] the statute of limitations for a negligence action is three years from the date of the injury. CPLR § 214. An action for breach of contract must be brought within six years of the date of the breach. CPLR § 213(2). New York law also permits parties to a contract to shorten these periods. *See Sidik v. Royal Sovereign Int'l Inc.*, 348 F. Supp. 3d 206, 213-14 (E.D.N.Y. 2018) ("Under New York State law, parties to a contract may agree to shorten the applicable statutory limitations period."); *Corbett v. Firstline Sec., Inc.*, 687 F. Supp. 2d 124, 132 (E.D.N.Y. 2009) (holding that plaintiff's tort and contract-based claims were barred by one-year contractual limitation).

Here, MT and Plaintiff's Insured agreed to contractually shorten the above statutes of limitation such that any claim against MT had to be brought within two years of MT's completion of the work. Plaintiff does not dispute that it is bound by the contract. Applying this two-year contractual limitations period in the State Court Action, the New York State Supreme Court, Kings County held that Plaintiff's Insured's claims against MT were time barred.[2] Dkt. 41-9, at 6-7.

---

[1] "Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York . . . statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998); *see Sarkees v. E. I. Dupont De Nemours & Co.*, 15 F.4th 584, 588 (2d Cir. 2021) (holding that a court sitting in diversity applies state law to substantive issues and federal law to procedural issues (citing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)).

[2] A court can take judicial of a state court decision in ruling on a motion to dismiss. *See, e.g.*, *Williams v. New York City Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020); *Pani v. Empire Blue Cross Blue Shield*,

8

Plaintiff offers no compelling justification for why this Court should rule differently. Indeed, regardless of whether Plaintiff's claims against MT are for breach of contract or tort, the shortened contractual limitations period applies to all claims against MT "whether in tort, contract, or otherwise." This includes the claims brought by Plaintiff against MT in this case.

In light of the two-year limitations period, Plaintiff's claims against MT are untimely regardless of whether MT's work was completed on January 9, 2019 or on October 28, 2019. Plaintiff filed the Amended Complaint against MT on September 28, 2022, more than one year after the contractually-shortened limitations expired irrespective of the accrual date. Accordingly, the Court finds that Plaintiff's breach of contract and negligence claims against MT are untimely.

### B. Equitable Tolling

Because the statute of limitations has lapsed on Plaintiff's claims against MT, the claims will be dismissed unless Plaintiff can establish the need for equitable tolling. Equitable tolling allows courts to extend a statute of limitations on a case-by-case basis to prevent inequity. *See Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). Equitable tolling is allowed only in "rare and exceptional circumstances" in which a party "is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations and internal quotation marks omitted). Indeed, "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017) (citations omitted).

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015)

---

152 F.3d 67, 75 (2d Cir. 1998) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)).

9

(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)). When deciding whether a plaintiff acted with reasonable diligence under the circumstances, a court may consider (i) the party's "efforts at the earliest possible time to secure counsel," (ii) the party's lack of education or funds to consult a lawyer, and (iii) the party's "direct access to other forms of legal assistance." *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003). When deciding whether extraordinary circumstances stood in the litigant's way so as to secure equitable tolling, "it is not enough for a party to show that he experienced extraordinary circumstances"; [h]e must further demonstrate that those circumstances caused him to miss the original filing deadline." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (citations omitted); *see also Mosca v. United States*, 602 F. Supp. 3d 344 (E.D.N.Y. 2022) (holding that the COVID-19 pandemic did not constitute an "extraordinary circumstance" that would justify equitably tolling the limitations period).

The Court finds that this question of equitable tolling is a highly factual issue that cannot be resolved on the pleadings at this stage of the proceedings. Instead, as discussed below, the Court orders limited discovery with respect to the factors listed above. Accordingly, Defendants' motion to dismiss Plaintiff's claims are denied.

Finally, neither party addressed whether the relation back doctrine applies to the instant case. "Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). "The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Exp. Co.*, 460

10

F.3d 215, 228 (2d Cir. 2006) (internal quotations omitted). Rule 15(c)(1) provides that an amendment relates back to the date of the original pleading when:

>   (A)   the law that provides the applicable statute of limitations allows relation back;
>
>   (B)   the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
>   (C)   the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c); *see also Morales v. Cnty. of Suffolk*, 952 F. Supp. 2d 433, 436-37 (E.D.N.Y. 2013). These requirements must be met before an amended complaint that names a new party relates back to the original timely complaint. *See Krupski*, 560 U.S. at 541. As noted below, the parties shall address the relation back doctrine in their summary judgment briefing.

   **C.   The Remainder of MT's Motion**

MT also argues that dismissal is also appropriate because "the documentary evidence speaks for itself." Dkt. No. 41-11, at 4. It is unclear what documentary evidence MT is referring to, but to the extent it is referring to the affidavit or field reports attached to its motion, the Court cannot consider such documents on a Rule 12(b)(6) motion to dismiss. *See Weiss v. Premier Techs.*, No. 22-CV-6349 (DGL), 2023 WL 3314691, at *2 (W.D.N.Y. May 9, 2023) ("consideration of [] extraneous evidence is inappropriate on a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6)"); *Khanukayev v. Times Square All.*, No. 08-CV-6832 (CM), 2010 WL 2836818, at *1 (S.D.N.Y. July 7, 2010) (recognizing there is no federal equivalent to CPLR

11

3211(1)); *Nyame v. Bronx Lebanon Hosp. Ctr.*, No. 08-CV-9656 (DAB), 2010 WL 1379794, at *5 (S.D.N.Y. Mar. 31, 2010) ("The documents Defendants have attached in support of their Motion are neither integral to nor incorporated by reference in the Complaint and are therefore patently inappropriate for the Court to consider in deciding this Rule 12(b)(6) Motion to Dismiss.").[3] Consequently, the remainder of MT's motion is denied.

---

[3] The Court can, however, consider the contract between MT and Plaintiff's Insured as it is integral to the Amended Complaint. *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565–66 (2d Cir. 2006) ("When a plaintiff chooses not to attach to the complaint or incorporate by reference a document upon which it solely relies and which is integral to the complaint, the court may nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." (citation, quotation marks, and alterations omitted)); *Bovee & Thill LLC v. Pearson Educ., Inc.*, 564 F. Supp. 2d 199, 200 (S.D.N.Y. 2008) (holding that the contracts in which the plaintiff sued under were integral to the complaint and properly considered on a motion to dismiss). Furthermore, as discussed above, the Court can take judicial notice of the decision in the State Court Action. *See* Sec. III(A), n.2 *supra*.

**IV.     Conclusion**

For the reasons stated above, MT's motion to dismiss is denied; however, the Court will permit discovery solely related to whether Plaintiff is entitled to equitable tolling with respect to its claims against MT. Equitable tolling discovery shall be completed by April 1, 2024. MT shall file a motion for summary judgment by April 15, 2024; Plaintiff shall file an opposition by April 29, 2024; and Plaintiff shall file any reply by May 6, 2024. *See Corcoran v. New York Power Auth.*, 202 F.3d 530, 535–36 (2d Cir. 1999) (describing summary judgment briefing after the parties engaged in "limited discovery to determine whether the claims based on state tort law were barred by the applicable statutes of limitations"); *Mosca*, 602 F. Supp. 3d at 346 ("[q]uestions of equitable tolling . . . generally must look outside the pleadings and are therefore better decided on a motion for summary judgment rather than pursuant to Rule 12(c)."). All other discovery is stayed against MT pending resolution of MT's summary judgment motion.

SO ORDERED.

Dated:     Brooklyn, New York
           February 14, 2024

                                                         */s/ Joseph A. Marutollo*
                                                         JOSEPH A. MARUTOLLO
                                                         United States Magistrate Judge

13